| | |
|---|---|
| 1 | DAVID B.A. DEMO (SBN 153997) ddemo@plawp.com |
| 2 | (designated counsel for service) |
| | LHB PACIFIC LAW PARTNERS, LLP |
| 3 | 5858 Horton Street, Suite 370 |
| 4 | Emeryville, CA 94608 |
| | (510) 841-7777 |
| 5 | Fax(510) 841-7776 |
| 6 | |
| | APARAJITO SEN (SBN 224248) jsen@plawp.com |
| 7 | LHB PACIFIC LAW PARTNERS, LLP |
| 8 | 15615 Alton Parkway, Suite 240 |
| | Irvine, CA 92618 |
| 9 | (949)242-2441 |
| 10 | Fax(949)242-2446 |

11  Attorneys for Plaintiff THE BURLINGTON INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY, | Case No.: 2:14-cv-00733-ABC (PLAx) |
| Plaintiff, | **[*PROPOSED*] JUDGMENT FOR PLAINTIFF AND AGAINST DEFENDANT AFFORDABLE HOUSING ALTERNATIVES, INC. DBA NUTEL MOTEL, AKA NUTEL MOTEL DBA AFFORDABLE HOUSING ALTERNATIVES** |
| vs. | |
| AFFORDABLE HOUSING ALTERNATIVES, INC. dba NUTEL MOTEL, aka NUTEL MOTEL dba AFFORDABLE HOUSING ALTERNATIVES; CENTURY INSURANCE GROUP, a Division of MEADOWBROOK INSURANCE GROUP, INC.; JAMES RIVER INSURANCE COMPANY; DOES 1 – 100, inclusive, | |
| Defendants | |

1

[*PROPOSED*] JUDGMENT

1  This Court, having considered the evidence and arguments presented in the
2  Application of Plaintiff THE BURLINGTON INSURANCE COMPANY ("TBIC"
3  or "Plaintiff") seeking an entry of judgment against Defendant AFFORDABLE
4  HOUSING ALTERNATIVES, INC. dba NUTEL MOTEL aka NUTEL MOTEL
5  dba AFFORDABLE HOUSING ALTERNATIVES (hereinafter Defendant
6  "NUTEL MOTEL"), and a decision having been duly rendered on the Application
7  by this Court upon its execution of the Order granting said Application on July 11,
8  2014 [DOC 39] (hereinafter the "7/11/14 Order"), it is hereby ADJUDGED,
9  DECREED AND ORDERED that judgment shall be and hereby is entered in favor
10 of Plaintiff TBIC and against Defendant NUTEL MOTEL consistent with the
11 Court's ruling as reflected in the 7/11/14 Order, and that Plaintiff TBIC shall
12 recover the relief prayed for on the first and second causes of action of the
13 Complaint for Declaratory Relief and Reimbursement against NUTEL MOTEL, as
14 follows:
15 **Declaratory Judgment**
16 It is the JUDGMENT, DECREE AND DECLARATION of this Court that
17 Plaintiff TBIC does not, and did not at any time, have a duty under any of the five
18 (5) Commercial General Liability insurance policies that it issued to Defendant
19 NUTEL MOTEL either to defend or to indemnify NUTEL MOTEL in the
20 California state court action pending in the Los Angeles County Superior Court
21 entitled *Alphonso Thomas, et al. v. New Hampshire Apartment, Inc., et al.*, Case
22 No. BC501085 ("*Thomas* action").
23 The five (5) insurance policies referenced above are the following:
24 Policy No. HGL0018006 [effective February 9, 2008 – February 9, 2009];
25 Policy No. HGL0020641 [effective February 9, 2009 – February 9, 2010];
26 Policy No. HGL0023571 [effective February 9, 2010 – February 9, 2011];
27 Policy No. HGL0026640 [effective February 9, 2011 – February 9, 2012]; and
28 Policy No. HGL0030086 [effective February 9, 2012 – February 9, 2013].

For the reasons provided in this Court's 7/11/14 Order, there is no potential for coverage under any of these insurance policies for any of the claims of the plaintiffs in the *Thomas* action.

**Reimbursement**

It is further ADJUDGED, DECREED AND ORDERED that Plaintiff TBIC shall and hereby does recover the following from Defendant NUTEL MOTEL:

- All of the attorneys' fees and costs that TBIC has incurred in defending NUTEL MOTEL in the *Thomas* action, including the amount of $16,555.52 that TBIC incurred up through April of 2014; and

- Any and all indemnity and/or settlement monies that TBIC may have paid and/or will pay in the *Thomas* action on behalf of NUTEL MOTEL – so long as: (1) TBIC notifies NUTEL MOTEL of TBIC's intent to accept a proposed settlement offer or demand by the plaintiffs in the *Thomas* action; (2) TBIC offers to let NUTEL MOTEL assume its own defense in the *Thomas* action if NUTEL MOTEL objects to the proposed settlement; and (3) the amount paid in settlement of the claims in the *Thomas* action is reasonable.

**Costs of Suit**

Plaintiff TBIC shall and hereby does also recover from Defendant NUTEL MOTEL costs of suit that TBIC has incurred in the instant action.

**Rule 54(b) of the Federal Rules of Civil Procedure**

Given that entry of this Judgment disposes of all claims in this action as between Plaintiff TBIC and Defendant NUTEL MOTEL, and there being no just reason for delay, this Judgment shall constitute final judgment as to Defendant NUTEL MOTEL and Plaintiff TBIC's claims as against that defendant.

Date: July 21, 2014    By:_____
  HON. AUDREY B. COLLINS
  UNITED STATES DISTRICT JUDGE